(No. 77-CV-0077 — )

## IN RE APPLICATION OF RUBY GALE STEVENS

*Opinion filed September 5, 1978.*

JAMES DEWULF, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General for Illinois; GEORGE M. SCHAFER, Assistant Attorney General.

PER CURIAM.

This claim arises out of an incident that occurred on June 23, 1976. Ruby Gale Stevens, mother of the deceased victim, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," hereafter referred to as the Act, (Ill. Rev. Stat., Ch. 70, §71, *et seq.*).

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court, and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the Claimant's deceased son, Stephen Eric Skibba, age 16, was allegedly a victim of a crime of violence, as set forth in sec. 2(c) of the Act, to wit: Murder (Ill. Rev. Stat., Ch. 38, §9-1).

2. That on June 23, 1976, Claimant's son was shot by James R. Michels as he was attempting to leave the assailant's automobile after the victim had accepted a ride while hitch-hiking.

3. That sec. 3(f) of the Act provides that a person is entitled to compensation under the Act if the injury to or death of the victim was not substantially attributable to the victim's wrongful act.

4. That it appears from the investigatory report and police report that the victim's death was attributable to his wrongful act of hitch-hiking in violation of Ill. Rev. Stat., Ch. 95.5, sec. 11-1006.

5. That the Claimant's claim does not meet a required condition precedent for the right to compensation under the Act.

It is hereby ordered that the claim of Ruby Gale Stevens be, and is hereby denied.